UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'   JS-6

| Case No. | 2:14-CV-3773–CAS-AJWx | Date | July 7, 2014 |
|---|---|---|---|
| Title | RAMSEY APELES V. ASHLEY FURNITURE INDUSTRIES, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Alexandria Kachadoorian | Geoffrey DeBoskey | |

**Proceedings:** PLAINTIFF'S MOTION TO REMAND (Dkt. #12, filed May 23, 2014)

## I. INTRODUCTION AND BACKGROUND

On May 15, 2014, plaintiff Ramsey Apeles filed this case in Los Angeles Superior Court against defendant Ashley Furniture Industries, Inc., and Does 1-50, inclusive. Dkt. 1. The operative first amended complaint ("FAC") asserts California law claims for wrongful termination in violation of public policy and unfair competition in violation of Business and Professions Code § 17200. Id.

On May 15, 2014, defendant removed the case to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Id. On May 23, 2014 plaintiff moved to remand this case to Los Angeles County Superior Court. Dkt. #12. On June 2, 2014, defendant filed its opposition. Dkt. #14. Plaintiff replied on June 5, 2014. Dkt. #16. The Court held a hearing on July 7, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-CV-3773–CAS-AJWx | Date | July 7, 2014 |
| Title | RAMSEY APELES V. ASHLEY FURNITURE INDUSTRIES, INC. | | |

the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

### III.    DISCUSSION

Plaintiff contends that this case should be remanded to state court because defendant has not met its burden of proving that jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Specifically, plaintiff argues that defendant has not established that the $75,000 jurisdictional amount-in-controversy requirement is met. The FAC alleges the following regarding the amount in controversy:

> The total relief sought by plaintiff, including all foregoing relief, does not exceed the sum of $75,000, exclusive of interests and costs.

FAC, Prayer Relief ¶ 8. Accordingly, according to plaintiff, the FAC disclaims any entitlement to obtain relief above the jurisdictional threshold, and thus prevents this Court from having diversity jurisdiction.

Defendant argues that plaintiff's requests for compensatory damages, punitive damages, and emotional distress damages exceed the requisite amount in controversy. Not. Removal ¶¶ 20-23. In this regard, defendant proffers calculations indicating that plaintiff may recover over $77,700 in potential lost wages, plus punitive damages and damages for emotional distress. Id.

The Court begins its analysis with two general principles of federal jurisdiction. First, the Court strictly construes the removal statutes against removal jurisdiction. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-CV-3773–CAS-AJWx | Date | July 7, 2014 |
| Title | RAMSEY APELES V. ASHLEY FURNITURE INDUSTRIES, INC. | | |

Gaus, 980 F.2d at 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Accordingly, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-290 (1938)).

The second relevant principal of federal jurisdiction is that plaintiffs are "master[s] of [their] complaint." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). As such, "if the plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14A Fed. Prac. & Proc. Juris. § 3702 (4th ed.). Although a defendant can show that, notwithstanding the limitation in the complaint, the amount-in-controversy in fact exceeds the jurisdictional minimum, the defendant's "burden of proof must be a heavy one." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Additionally, "if [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he could be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co., 303 U.S. at 294 (1938).

Here, it appears that plaintiff has expressly availed himself of his right to proceed in state court by limiting his claim to less than $75,000. Thus, the Court finds that remand is appropriate. See id.

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion to remand.

IT IS SO ORDERED.

00:13

Initials of Preparer          CMJ